IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KENNETH RUMP,

    Plaintiff,

v.

PHILIPS LIFELINE, *et al.*,

    Defendants.

No. C 09-3271 SI

**ORDER GRANTING DEFENDANTS' MOTION TO STRIKE JURY DEMAND**

Defendants' motion to strike plaintiff's demand for jury trial is scheduled for a hearing on October 16, 2009. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motion is appropriate for resolution without oral argument, and VACATES the hearing. As set forth below, the Court GRANTS defendants' motion.

**BACKGROUND**

This case was filed in the California Superior Court for the County of Contra Costa on or about May 11, 2009, and alleges claims for, *inter alia*, breach of oral contract, quantum meruit and nonpayment of wages. The complaint did not include a jury demand. Defendants served their answer on July 16, 2009, and removed the action to federal court on July 17, 2009. On August 20, 2009, plaintiff filed a demand for a jury trial. Defendants move to strike plaintiff's jury demand as untimely.

**DISCUSSION**

Defendants contend that plaintiff's August 20, 2009 demand for a jury trial was untimely and that plaintiff has therefore waived his right to a jury trial. Generally, when in federal court a party may

1 demand a jury trial by properly serving the other parties with a written demand no later than ten days
2 after the last pleading directed to the issue is served. Fed. R. Civ. P. 38(b). When a case has been
3 removed to federal court, and if all relevant pleadings had been served prior to removal, a jury demand
4 must be made by a party within ten days of either filing or being served with a notice of removal. Fed.
5 R. Civ. P. 81(c)(3)(B). Failure to make a timely jury trial request in federal court ordinarily equates to
6 a waiver of the right to trial by jury. *See Lutz v. Glendale Union High School*, 403 F.3d 1061, 1063-64
7 (9th Cir. 2005) (citing Fed. R. Civ. P. 38(d)).

Rule 81(c)(3)(A) recognizes an exception to the ten day limitation, stating: "[a] party, who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal. If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time." Fed. R. Civ. P. 81(c)(3)(A). However, the Ninth Circuit has held that because California is a state where an "express demand" is required, the exception in Rule 81(c)(3)(A) does not apply to cases removed from a California court. *See Lewis v. Time, Inc.*, 710 F.2d 549, 556 (9th Cir. 1983) (holding California requires an express demand, and "[t]herefore, F.R.Civ.P. 38(d), made applicable by Rule 81(c), required Lewis to file a demand "not later than 10 days after the service of the last pleading directed to such issue [to be tried.]").

It is undisputed that plaintiff did not make an express jury trial demand either before removal or within ten days of being served with the notice of removal. Nor does plaintiff dispute that California is a state in which an express demand for a jury trial is required. Instead, and without citation to supporting authority, plaintiff argues that the Rule 81(c)(3)(A) exception applies here since under California law a plaintiff can make an express demand up until the time of trial. *See* Cal. Code Civ. Proc. § 631(d). Plaintiff argues that because California does not require an express jury demand at the time of removal, a plaintiff is free to make a jury demand at any time after removal. Plaintiff's argument is foreclosed by *Lewis*, in which the Ninth Circuit recognized that under California law a litigant did not waive his right to a jury trial until trial was set. *Lewis*, 710 F.2d at 556. To determine whether the Rule 81(c)(3)(A) exception applies, the key inquiry is whether the state from which the case was removed requires an express demand at any time. *Id.*; *see also Ward v. Sunrise Assisted Living Invs. Inc.*, No.

05-3165, 2006 WL 37030, at *1 (N.D. Cal. Jan. 5, 2006) (citing *Lewis*, 710 F.2d at 556).[1]

The Court recognizes that the federal rules governing jury demands after removal, in conjunction with California's rules permitting a plaintiff to make a jury demand up until the time of trial, creates ambiguity and a trap for the unwary. However, *Lewis* addressed the interplay between California's rules and Rules 38 and 81, and held that a jury demand must be made within 10 days of removal. Accordingly, because the Court is bound by *Lewis*, the Court GRANTS defendants' motion and STRIKES plaintiff's jury demand.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' motion to strike plaintiff's demand for a jury trial. Dkt. No. 6.

**IT IS SO ORDERED.**

Dated: October 14, 2009

SUSAN ILLSTON
United States District Judge

---

[1] Relatedly, plaintiff argues that Rule 81(c)(3)(A), in conjunction with the Northern District's "Standing Order for All Judges of the Northern District of California [re] Contents of Case Management Orders" supersede Rule 38's requirement that jury demands be made within 10 days after service of the notice of removal. This argument lacks merit for several reasons. First, as discussed above, the exception in Rule 81(c)(3)(A) does not apply here because California is a state in which an express jury demand is required. Second, the Standing Order simply instructs counsel to state in the joint case management conference statement whether the case will be tried to a jury or to the court, and there is no language in the Standing Order suggesting that a jury demand can first be made through the joint statement. *See* Standing Order for All Judges of the Northern District of California [re] Contents of Case Management Orders ¶ 18.