RAY T. ROCKWELL, Esq.   SBN: 78902
rtrockwell@sbcglobal.net
JUSTIN M. FOSSUM, Esq. SBN: 254970
jm.fossum@sbcglobal.net
LAW OFFICES OF RAY T. ROCKWELL
2930 Camino Diablo, Suite 300
Walnut Creek, CA 94597
(925) 932-7785 Phone
(925) 932-8316 Fax

Attorneys for Plaintiff KENNETH C. RUMP

THOMAS M. MCINERNEY, Esq. SBN: 162055
tmm@ogletreedeakins.com
ERICA K. ROCUSH, Esq. SBN: 262354
Erica.rocush@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA 94105
(415) 442-4810 Phone
(415) 442-4870 Fax

Attorneys for Defendants
LIFELINE SYSTEMS COMPANY and LIFELINE SYSTEMS, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| KENNETH C. RUMP, | Case No: 3:09-CV-03271 |
|---|---|
| Responding Party, | **STIPULATION FOR FILING OF FIRST AMENDED COMPLAINT** |
| v. | |
| PHILIPS LIFELINE, an entity; and DOES 1-50, inclusive, | |
| Defendants. | |

KENNETH C. RUMP, the plaintiff in this action, and LIFELINE SYSTEMS COMPANY and LIFELINE SYSTEMS, INC., the defendants, stipulate and consent, in writing, within the meaning of Rule 15(a) of the Federal Rules of Civil Procedure, that plaintiff KENNETH C. RUMP may file the First Amended Complaint]in this action that is attached to this Stipulation

as Exhibit A. ~~The parties further stipulate that the amendment will date and relate back to the date of filing of the original complaint.~~ *ER*

The parties agree that the allegations contained in the First Amended Complaint are controverted by the defendants and all affirmative defenses available to defendants apply. As such, defendants are not required to file an answer to the First Amended Complaint.

Dated: _____

_____
ERICA ROCUSH, ESQ.
Attorney for Defendants
LIFELINE SYSTEMS COMPANY and
LIFELINE SYSTEMS, INC.

_____
RAY T. ROCKWELL, ESQ.
Attorney for Plaintiff
KENNETH RUMP

SO ORDERED.

_____
UNITED STATES DISTRICT COURT JUDGE

```
1   Ray T. Rockwell, Esq.   SBN: 78902
    rtrockwell@sbcglobal.net
2   Justin M. Fossum, Esq. SBN: 254970
    jm.fossum@sbcglobal.net
3   Law Offices of Ray T. Rockwell
4   2930 Camino Diablo, Suite 300
    Walnut Creek, CA 94597
5   (925) 932-7785 Phone
    (925) 932-8316 Fax
6
7   Attorney for Plaintiff KENNETH C. RUMP
```

8
9                  IN THE UNITED STATES DISTRICT COURT
10                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| KENNETH C. RUMP, | Case No: 3:09-CV-03271 |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| v. | |
| LIFELINE SYSTEMS COMPANY; LIFELINE SYSTEMS, INC.; and, DOES 1-50, inclusive, Defendants. | |

## JURISDICTIONAL STATEMENT

This Court has jurisdiction over all of the claims and defenses in this matter based on 28 U.S.C. § 1332, as there is complete diversity between the plaintiff and all defendants and the amount in controversy exceeds $75,000.00.

## ALLEGATIONS

1. Defendant LIFELINE SYSTEMS COMPANY, is, and at all times herein mentioned was, a Massachusetts corporation.

2. Defendant LIFELINE SYSTEMS, INC., is, and at all times herein mentioned was, a Massachusetts corporation

FIRST AMENDED COMPLAINT
RUMP v. PHILIPS LIFELINE, et al.
Case No. 3:09-CV-03271
Law Offices of Ray T. Rockwell
2930 Camino Diablo, Suite 300
Walnut Creek, California 94597
Page 1 of 10

Exhibit A

3. Defendant DOES 1-50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to plaintiff. When the true names and capacities are ascertained, plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants claims an interest or estate in the property herein mentioned.

4. Hereinafter defendants LIFELINE SYSTEMS COMPANY, LIFELINE SYSTEMS, INC. and the fictitiously named defendants shall be referred to collectively as "Defendants."

## FIRST CAUSE OF ACTION
### (Breach of Oral Contract)

5. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1-4.

6. On or about June 20, 2004, at Contra Costa County, California, plaintiff and Lifeline Systems, the predecessor entity of Defendants which was acquired subsequently by Defendants, entered into an oral agreement whereby plaintiff agreed to work as defendant's employee selling certain low voltage systems, equipment, and devices. In exchange, defendant agreed to compensate plaintiff in the form of a monthly salary of approximately $5,000.00, a monthly bonus of approximately $7,500.00, and a commission rate of 5% on revenue generated by plaintiff's sales efforts and influence of plaintiff. Following acquisition of Lifeline Systems in early 2007, Defendants assumed the duty to compensate plaintiff pursuant to terms of the oral agreement entered into by and between plaintiff and Lifeline Systems.

7. Plaintiff has performed all conditions, covenants, and promises required on his part to be performed in accordance with the terms and conditions of the agreement.

8. On or about May 15, 2008, Defendants breached the contract by failing to pay plaintiff commissions for sales generated by plaintiff on Defendants' behalf.

9. As a result of Defendants' failure to pay commissions for sales generated by plaintiff and Defendants' ensuing breach of the contract with plaintiff, plaintiff has been damaged in an amount to be established at trial.

FIRST AMENDED COMPLAINT

RUMP v. PHILIPS LIFELINE, et al.
Case No. 3:09-CV-03271

Law Offices of Ray T. Rockwell
2930 Camino Diablo, Suite 300
Walnut Creek, California 94597

Page 2 of 10

## SECOND CAUSE OF ACTION
### (Common Count – Work and Labor)

10. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1-4.

11. Within the least two years, at Concord, California, Defendants became indebted to plaintiff in an amount to be established at trial for work, labor, and services performed by the plaintiff for Defendants.

12. Plaintiff has repeatedly demanded payment from Defendants. The last demand was made on or about April 23, 2010.

13. No payment of unpaid and outstanding commissions has been made by Defendants to plaintiff, and there is now due and owing to plaintiff an amount to be established at trial.

## THIRD CAUSE OF ACTION
### (Common Count – Money Had and Received)

14. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1-4.

15. Within the least two years, at Concord, California, Defendants became indebted to plaintiff in an amount to be established at trial for money had and received by Defendants for the use and benefit of plaintiff.

16. Plaintiff has repeatedly demanded payment from Defendants. The last demand was made on April 23, 2010.

17. No payment of unpaid and outstanding commissions has been made by Defendants to plaintiff, and there is now due and owing to plaintiff an amount to be established at trial.

//

//

RUMP v. PHILIPS LIFELINE, et al.
Case No. 3:09-CV-03271

FIRST AMENDED COMPLAINT

Law Offices of Ray T. Rockwell
2930 Camino Diablo, Suite 300
Walnut Creek, California 94597

Page 3 of 10

## FOURTH CAUSE OF ACTION
### (Common Count – Quantum Meruit)

18. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1-4.

19. Within the last two years, at Concord, California, plaintiff performed services selling certain low voltage systems, equipment, and devices for Defendants. Defendants knew that these services were being provided and promised to pay their reasonable value, including, but not limited to, commissions on sales thereon.

20. Plaintiff has repeatedly demanded payment from Defendants. The last demand was made on or about April 23, 2010.

21. The fair and reasonable value of the services provided to Defendants is an amount to be established at trial.

22. No payment of unpaid and outstanding commissions on sales has been made by Defendants to plaintiff, and there is now due and owing to plaintiff an amount to be established at trial.

## FIFTH CAUSE OF ACTION
### (Nonpayment of Wages)

23. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1-4.

24. Beginning on or about January 19, 2006 and continuing until April 7, 2008, plaintiff was employed by Defendants as a Senior National Account Manager at Defendants' facility in the City of Concord, California, in the County of Contra Costa.

25. Plaintiff's employment was pursuant to an oral employment agreement. The terms of that agreement were for a monthly salary of approximately $5,000.00, a monthly bonus of approximately $7,500.00, and a commission rate of 5% on revenue generated by plaintiff's sales efforts and influence of plaintiff.

RUMP v. PHILIPS LIFELINE, et al.
Case No. 3:09-CV-03271

FIRST AMENDED COMPLAINT

Law Offices of Ray T. Rockwell
2930 Camino Diablo, Suite 300
Walnut Creek, California 94597

Page 4 of 10

26. Effective April 7, 2008, plaintiff resigned that employment. Plaintiff gave notice of his intent to resign on or about April 7, 2008.

27. On April 7, 2008, at the time that plaintiff resigned employment, plaintiff was owed wages for sales on commissions in an amount to be established at trial based on a commissions on sales rate of 5%, as provided for in the oral employment agreement referred to in Paragraph 25 hereof.

28. At the time of termination, Defendants failed to pay plaintiff for commissions on sales generated by plaintiff. Defendants' failure to pay the full amount due plaintiff on termination violates the provisions of Labor Code § 202. There is now due and owing to plaintiff an amount to be established at trial.

29. Pursuant to Labor Code § 218.5, plaintiff requests that the court award plaintiff reasonable attorney's fees and costs incurred by him in this action. Plaintiff further requests that the court award plaintiff prejudgment interest on his unpaid wages pursuant to Labor Code § 218.6.

## SIXTH CAUSE OF ACTION
### (Waiting Time Penalties Under Labor Code § 203)

30. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1-4 and 23-30, inclusive of the Fifth Cause of Action.

31. The Defendants' failure to pay wages, as alleged in Paragraph 28 hereof, was willful. Said failure to pay wages is willful in that Defendants intentionally failed or refused to pay wages to which plaintiff was, and is, entitled. Plaintiff thus is entitled to penalties under Labor Code Section 203, which provides that an employee's wages shall continue as a penalty until paid or for a period of up to 30 days from the time they were due, whichever period is shorter.

32. Defendants failed to pay to plaintiff his wages within 72 hours after the date of

FIRST AMENDED COMPLAINT
RUMP v. PHILIPS LIFELINE, et al.
Case No. 3:09-CV-03271
Law Offices of Ray T. Rockwell
2930 Camino Diablo, Suite 300
Walnut Creek, California 94597
Page 5 of 10

termination of plaintiff's employment and have failed to pay those sums for over 30 days thereafter. Pursuant to the provisions of Labor Code Section 203, plaintiff is entitled to a penalty in an amount to be established at trial.

## SEVENTH CAUSE OF ACTION
### (Accounting Against Employer for Commissions)

33. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1-4 and 23-32, inclusive of the Fifth and Sixth Causes of Action.

34. Pursuant to the employment agreement referred to in Paragraph 25 hereof, plaintiff diligently and faithfully rendered his services to Defendants and performed all the terms and conditions of the contract on his part to be performed.

35. Between January 2006 and April 2008, Defendants entered into sales transactions with various persons and received a profit, a portion of which is due and owing to plaintiff. Defendants, however, have not accounted for the profits and have not paid plaintiff's share.

36. Plaintiff does not know the precise amount of profit on which to base his claim for compensation, because such profits can only be determined by an accounting of Defendants' books and records.

## EIGHTH CAUSE OF ACTION
### (Interference with Economic Expectations)

37. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1-4.

38. Plaintiff, in the course of his employment with Lifeline Systems the predecessor entity of Defendants that was acquired subsequently by Defendants, executed a non-solicitation agreement dated June 30, 2004 ("Non-Solicitation Agreement") for the benefit of Lifeline Systems. The Non-Solicitation Agreement provided that plaintiff, for a period of one year immediately following termination of his employment, agreed not to solicit or divert the

FIRST AMENDED COMPLAINT
RUMP v. PHILIPS LIFELINE, et al.
Case No. 3:09-CV-03271
Law Offices of Ray T. Rockwell
2930 Camino Diablo, Suite 300
Walnut Creek, California 94597
Page 6 of 10

business or patronage of any of Lifeline Systems' clients, customers, distributors, resellers, accounts, or prospective clients, customers, distributors, resellers or accounts. The geographic scope of the Non-Solicitation Agreement extended to anywhere that Lifeline Systems or any of its subsidiaries is doing business, has done business, or intends to do business. The Non-Solicitation Agreement further provided that it would inure to the benefit of the successors of the parties. Defendants acquired Lifeline Systems in early 2007. On April 7, 2008, plaintiff resigned his employment with Defendants. On or about April 11, 2008, Jeff Moore, plaintiff's supervisor while employed by Defendants, electronically mailed a correspondence on Defendants' letterhead to plaintiff in which Mr. Moore stated that "[a]t this point of our separation, I am compelled to remind you of the Non-Solicitation Agreement that you executed upon your decision to accept an at-will employee relationship with Lifeline Systems. Philips Lifeline will hold you accountable to this agreement to its full scope and intent."

39. Following termination of plaintiff's employment by Defendants, plaintiff attempted to obtain employment with various firms in the Senior Living sector, the sector in which plaintiff was employed by Defendants. Plaintiff informed the firms with which he sought employment of the existence of the Non-Solicitation Agreement with Defendants. In each instance, the firms with which plaintiff sought employment refused to hire plaintiff citing the Non-Solicitation Agreement as the basis for the refusal.

40. Based on Mr. Moore's statement to plaintiff regarding enforcement of the Non-Solicitation Agreement, attributable vicariously to Defendants, it was foreseeable that plaintiff would suffer economic harm in that firms in the Senior Living sector would refuse to hire plaintiff.

41. In threatening to enforce the Non-Solicitation Agreement, Defendants committed negligence per se in that the Non-Solicitation Agreement violated <u>California Business and Professions Code §§ 16600 and 17200</u>.

RUMP v. PHILIPS LIFELINE, et al.
Case No. 3:09-CV-03271

FIRST AMENDED COMPLAINT

Law Offices of Ray T. Rockwell
2930 Camino Diablo, Suite 300
Walnut Creek, California 94597

Page 7 of 10

42. While no competing firms of Defendants would hire plaintiff as a salesperson, plaintiff was retained as a consultant. In his role as a consultant plaintiff earned approximately $78,000. In the two years preceding his departure from Defendants, plaintiff, on average, earned approximately $257,000.00 each year. But for the Non-Solicitation Agreement, which Defendants threatened to enforce to its full scope and intent, plaintiff would have been hired as a sales person by a firm in the Senior Living sector. Plaintiff suffered actual damage from Defendants' conduct in that, given plaintiff's sales history, plaintiff would have earned substantially more than $78,000.00 for the period in which the Non-Solicitation Agreement applied.

## NINTH CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

43. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1-4 and 43-47, inclusive of the Ninth Cause of Action.

44. The oral employment agreement between plaintiff and Defendants contained an implied covenant of good faith and fair dealing, which obligated Defendants to perform the terms and conditions of the agreement fairly and in good faith and to refrain from doing any act that would prevent or impede plaintiff from performing any or all of the conditions of the contract that he agreed to perform, or any act that would deprive plaintiff of the benefits of the contract.

45. Plaintiff reasonably relied on the provisions of the personnel manual regarding ethics as well as the causes for which employees could be discharged or demoted and the procedures set forth for such discharges for the expectation that Defendants would apply their policies even-handedly.

46. Plaintiff performed all the duties and conditions of the employment agreement.

47. Defendants knew that plaintiff had fulfilled all his duties and conditions under

RUMP v. PHILIPS LIFELINE, et al.
Case No. 3:09-CV-03271

FIRST AMENDED COMPLAINT

Law Offices of Ray T. Rockwell
2930 Camino Diablo, Suite 300
Walnut Creek, California 94597

Page 8 of 10

the contract.

48. Defendants breached the implied covenant of good faith and fair dealing under the employment agreement by failing to address plaintiff's concerns with the efficacy of the products he sold on behalf of Defendants as alleged in Paragraph 41.

49. Defendants further breached the implied covenant of good faith and fair dealing by violating and failing to follow its own personnel policies by failing to deal honestly, ethically and fairly with Defendants' suppliers, customers and employees, and by failing to correct untrue, misleading, deceptive or fraudulent statements regarding Defendants' products.

50. Defendants further breached the implied covenant of good faith and fair dealing by depriving plaintiff of commissions earned by plaintiff on sales completed before his termination and due as soon as the products were installed.

51. As a proximate result of defendant's breach of the implied covenant of good faith and fair dealing, plaintiff has suffered, and continues to suffer, losses in earning and other employment benefits, to his damage in an amount to be established at trial. As a further proximate result of defendant's breach of the implied covenant of good faith and fair dealing, plaintiff has incurred reasonable attorney's fees in attempting to secure the benefits owed him/her under the employment contract.

WHEREFORE, plaintiff prays for judgment as follows:

1. For compensatory damages in an amount to be established at trial.;

2. For interest on the sum as allowed by law;

3. For penalties in the amount of $12,328.77 pursuant to <u>California Labor Code § 203</u>;

4. For reasonable attorneys' fees according to proof pursuant to <u>California</u>

**FIRST AMENDED COMPLAINT**

RUMP v. PHILIPS LIFELINE, et al.
Case No. 3:09-CV-03271

Law Offices of Ray T. Rockwell
2930 Camino Diablo, Suite 300
Walnut Creek, California 94597

Page 9 of 10