IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH C. RUMP, | No. C 09-03271 SI |
| Plaintiff, | **ORDER DENYING MOTION FOR LEAVE TO REOPEN DISCOVERY** |
| v. | |
| LIFELINE SYSTEMS COMPANY; LIFELINE SYSTEMS, INC., | |
| Defendants. / | |

On September 3, 2010, plaintiff filed a motion seeking to reopen discovery for the limited purpose of deposing one of defendant's employees, Linda Brock. For the following reasons, plaintiff's motion is DENIED.

This action has been pending in this court since July, 2009. At the first case management conference, in October, 2009, the discovery cutoff was scheduled for April 30, 2010, and trial was set for August, 2010. Docket No. 21. At a later case management conference on February 23, 2010, the parties requested and the Court granted an extension of the pretrial schedule, since the parties had deferred discovery during what proved to be unsuccessful settlement attempts. The final discovery cutoff, August 2, 2010, was set at the February 23, 2010, conference. Docket No. 24. During the June 8, 2010 case management conference, the parties agreed that the August 2, 2010 discovery cutoff should remain in place. *See* Docket No. 26 at 7.

As of now, it appears that the only formal discovery that plaintiff has taken is one deposition. Motion at 4. Plaintiff's counsel argues that he only became aware of the need to depose Ms. Brock when preparing for plaintiff's deposition and that on July 19, 2010 – two weeks before the discovery

cutoff – he started discussions with defense counsel about extending the discovery cutoff date. Plaintiff's counsel asserts that he believed he had an agreement with defense counsel to an extension, but that on August 26, 2010 counsel for defendants informed him that defendants would not agree to reopen discovery. *See* Declaration of Justin M. Fossum ¶ 4 & Ex. A thereto.

Rule 16(b) "provides that a district court's scheduling order may be modified upon a showing of 'good cause,' an inquiry which focuses on the reasonable diligence of the moving party." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). If the party seeking modification of the scheduling order "was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.

The Court finds that plaintiff has failed to demonstrate good cause for his request as there is no evidence plaintiff was reasonably diligent in pursuing discovery in this case. Plaintiff argues that he needs to depose Ms. Brock, as she was paid commissions that plaintiff had earned and that plaintiff believes defendants will argue that plaintiff is not entitled to those commissions because Ms. Brock allegedly performed substantial work on the underlying projects. Motion at 3-4. Plaintiff asserts that he did not become aware of the need to depose Ms. Brock until "preparing for plaintiff's deposition." *Id.* at 4. However, Ms. Brock was disclosed in defendants' Rule 26 initial disclosures on November 19, 2009. Exhibit A to the Declaration of Erica Rocush. Defendants disclosed that Ms. Brock had "knowledge regarding the work [she] performed on projects for which [she] received commissions relating to Rump's former assignments, the changes made to the projects after [she] assumed responsibility for them, and the date of receipt of a signed installation confirmation for those projects." *Id.* at 2. Plaintiff, therefore, had actual knowledge of the information Ms. Brock had and defendant's intended use of that information in November 2009. Yet plaintiff did not notice Ms. Brock's deposition and inexplicably waited until July 19, 2010 to start a conversation with defense counsel about stipulating to an extension of the discovery dates. There is no evidence, absent the one deposition conducted on June 22, 2010, that plaintiff has made any diligent efforts to pursue discovery in this case.

Plaintiff also asserts that good cause has been shown because he believed that he had "an agreement in principle" to reopen discovery with defense counsel before the August 2, 2010 cutoff. Fossum Decl., ¶ 4. However, as the correspondence between counsel in late July and early August 2010

2

shows, the scope of the agreement to continue "pretrial dates" and what discovery would be allowed was not settled. As the party seeking the modification of the scheduling order, it was plaintiff's responsibility to finalize the parties' agreement and submit it to the Court in a timely fashion. Plaintiff's counsel failed to do that here.

Finally, there is no explanation why plaintiff waited until September 3, 2010 to file his motion for leave. While plaintiff's counsel asserts – without explanation or supporting documentation – that he was not informed until August 26, 2010 that defendants refused to reopen discovery, there is no evidence that plaintiff responded defendants' August 9, 2010 proposal. *See* Rocush Decl. ¶ 23 & Ex A to Fossum Decl. Defense counsel asserts that after she provided her August 9, 2010 proposal, she never received another proposal from plaintiff. Rocush Decl. ¶ 23.

Plaintiff has failed to demonstrate good cause to reopen the discovery deadlines set by this Court's scheduling order.

**IT IS SO ORDERED.**

Dated: October 5, 2010

SUSAN ILLSTON
United States District Judge

3