**United States District Court**
For the Northern District of California

1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   KENNETH C. RUMP,                                   No. C 09-03271 SI

9              Plaintiff,                              **ORDER GRANTING DEFENDANT'S
                                                       MOTION FOR PARTIAL SUMMARY**
10     v.                                              **JUDGMENT**

11  PHILIPS LIFELINE,

12              Defendant.
                                          /
13

14          Defendant has filed a motion for partial summary judgment, which is scheduled for hearing on

15  November 5, 2010.  Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for

16  resolution without oral argument, and hereby VACATES the hearing.

17          Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS

18  defendant's motion for partial summary judgment.

19

20                                       **BACKGROUND**

21          On June 20, 2004, plaintiff Kenneth Rump began working for Lifeline Systems ("Lifeline"), the

22  predecessor entity of defendant Philips Lifeline, as a regional sales manager selling low voltage systems,

23  equipment, and devices for seniors.  First Am. Compl. ¶ 6; Declaration of Erica Rocush, Ex. A

24  (Deposition of Kenneth C. Rump), at 8.  On June 30, 2004, plaintiff and Lifeline entered into a Non-

25  Solicitation Agreement ("Agreement").  First Am. Compl. ¶ 38.[1]  The Agreement provides that during

26  plaintiff's employment with Lifeline and for a year after termination, plaintiff would not solicit business

27  _____

28          [1] In early 2007, Philips Holding USA acquired Lifeline, and the Agreement inured to the benefit
    of Lifeline's successor, Philips Lifeline.  First Am. Compl. ¶ 38.

1  from Lifeline's customers. *Id.*

2      On April 7, 2008, plaintiff voluntarily resigned. *Id.* ¶¶ 26, 38.  On April 11, 2008, plaintiff

3  received an email from Jeff Moore, plaintiff's supervisor, acknowledging plaintiff's resignation and

4  reminding him of the Agreement. *Id.* ¶ 38.  Plaintiff sought legal advice regarding the meaning of the

5  Agreement a week or a couple of weeks after receiving the email.  Rocush Decl., Ex. A (Rump Depo.),

6  at 25-26.

7      Plaintiff originally filed suit in Contra Costa County Superior Court on May 11, 2009.  His

8  complaint alleged seven causes of action based on defendant's alleged failure to pay plaintiff wages and

9  commissions owed to him under his oral employment contract: (1) breach of oral contract, (2) work and

10  labor, (3) money had and received, (4) quantum meruit, (5) nonpayment of wages, (6) waiting time

11  penalties under Labor Code § 203, and (7) accounting against employer for commissions.  Notice of

12  Removal (Compl. ¶¶ 3-33).  On July 17, 2009, defendant removed the action to this court, alleging

13  diversity jurisdiction.  On June 17, 2010, plaintiff filed a first amended complaint in this court, which

14  added an eighth cause of action against defendant for interference with economic expectations.  First

15  Am. Compl. ¶¶ 37-42.  In this cause of action, plaintiff alleged that when he sought employment with

16  other firms in the senior living sector, those firms refused to hire plaintiff because of the Agreement.

17  *Id.* ¶ 39.

18      Presently before the Court is defendant's motion for partial summary judgment. Defendant seeks

19  judgment on plaintiff's eighth cause of action for interference with economic expectations, arguing it

20  is barred by the applicable statute of limitations.

21

22                          **LEGAL STANDARD**

23  **I.     Summary Judgment**

24      Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file,

25  and any affidavits show that there is no genuine issue as to any material fact and that the movant is

26  entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the initial

27  burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477

28  U.S. 317, 323 (1986).  The moving party, however, has no burden to disprove matters on which the

*United States District Court*
*For the Northern District of California*

2

1  non-moving party will have the burden of proof at trial.  *Id.*  The moving party need only demonstrate

2  to the Court that there is an absence of evidence to support the non-moving party's case.  *Id.* at 325.

3       Once the moving party has met its burden, the burden shifts to the non-moving party to

4  "designate 'specific facts showing that there is a genuine issue for trial.'"  *Id*. at 324 (quoting Fed. R.

5  Civ. P. 56(e)).  To carry this burden, the non-moving party must "do more than simply show that there

6  is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*

7  *Corp.*, 475 U.S. 574, 586 (1986).  "The mere existence of a scintilla of evidence . . . will be insufficient;

8  there must be evidence on which the jury could reasonably find for the [non-moving party]."  *Anderson*

9  *v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

10      In deciding a summary judgment motion, the court must view the evidence in the light most

11  favorable to the non-moving party and draw all justifiable inferences in its favor.  *Id*. at 255.

12  "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from

13  the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment."  *Id.*

14  However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise

15  genuine issues of fact and defeat summary judgment.  *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs.*

16  *Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

17

18  **II.       Statute of Limitations**

19      Under California Code of Civil Procedure § 339(1), an "action upon a contract, obligation or

20  liability not founded upon an instrument of writing" has a two-year statute of limitations. Cal. Civ. Proc.

21  Code § 339(1).  Claims for interference with prospective business advantage are governed by this statute

22  of limitations.  *Knoell v. Petrovich*, 90 Cal. Rptr. 2d 162, 168 (Cal. Ct. App. 1999).  A cause of action

23  accrues and the statute of limitations begins to run "when, under the substantive law, the wrongful act

24  is done, or the wrongful result occurs, and the consequent liability arises."  *Cypress Semiconductor*

25  *Corp. v. Superior Court*, 77 Cal. Rptr. 3d 685, 692 (Cal. Ct. App. 2008) (internal quotation marks and

26  citation omitted).

27

28

*United States District Court*
For the Northern District of California

**United States District Court**
For the Northern District of California

1    **III.     Federal Rule of Civil Procedure 15(c)**

2         Federal Rule of Civil Procedure 15(c) provides that an amendment to a pleading relates back to

3   the date of the original pleading when "the amendment asserts a claim or defense that arose out of the

4   conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed.

5   R. Civ. P. 15(c)(1)(B).  For the purposes of the statute of limitations, a new claim in an amended petition

6   relates back to the original petition when the same "core of operative facts" unites the new claim and

7   original petition.  *Mayle v. Felix*, 545 U.S. 644, 659 (2005); *Williams v. Boeing Co.*, 517 F.3d 1120,

8   1133 (9th Cir. 2008).   To arise from the same core of operative facts, two claims must arise from a

9   "single occurrence" that happened at a particular time and place.  *Mayle*, 545 U.S. at 660 (internal

10  quotation marks omitted).  That is, they must not arise from separate episodes that took place at different

11  times and places.  *Id.*  To put it another way, in order for two claims to share the same core of operative

12  facts, the plaintiff must allege the same facts and rely on the same evidence to prove the claims.

13  *Williams*, 517 F.3d at 1133.

14

15                                  **DISCUSSION**

16       Defendant argues that the two-year statute of limitations for plaintiff's claim of interference with

17  economic expectations began to run in April 2008, at the latest, when plaintiff received Jeff Moore's

18  email and sought legal advice about the meaning of the Non-Compete Agreement.  As plaintiff did not

19  allege interference with economic expectations until he amended his complaint on June 17, 2010, the

20  statute of limitations bars this cause of action. Plaintiff does not dispute defendant's calculation of when

21  the statute of limitations began to run, but contends that the amendment to his complaint should relate

22  back to the date of the original pleading under Rule 15(c)(1)(B), because his new claim arose from the

23  same transaction as the causes of action alleged in his original complaint.  Since the date of the original

24  pleading was May 11, 2009, plaintiff argues that the new cause of action falls within the two-year statute

25  of limitations.

26       Plaintiff's argument that Rule 15(c)(1)(B) allows his new claim to relate back to the time of

27  filing of his original complaint is without merit.  Plaintiff's new claim for interference with economic

28  expectations does not arise from the same transaction as the original claims.  Plaintiff's seven original

                                      4

1  claims are all based on defendant's alleged failure to pay plaintiff the wages and commissions owed to

2  him under his oral employment contract.   Plaintiff's new claim for interference with economic

3  expectations, however, is based on the Non-Solicitation Agreement between plaintiff and defendant.

4  The new cause of action and the original causes of action are therefore based on separate agreements

5  and on different alleged conduct by defendant.   Consequently, they amount to separate interactions

6  between the plaintiff and defendant.   The fact that all the claims relate to the former employment

7  relationship between plaintiff and defendant does not amount to a common transaction under Rule

8  15(c)(1)(B). *See Williams*, 517 F.3d at 1133 (finding that for the purposes of Rule 15(c)(1)(B), there

9  was no common core of operative facts between a compensation discrimination claim and promotion

10 discrimination, hostile work environment, and retaliation claims, despite the fact that all of the claims

11 sprang from the same employment relationship between the plaintiff and defendant).

12         Plaintiff's claim for interference with economic expectations is barred by the statute of

13 limitations.

14

15                                    **CONCLUSION**

16         For the foregoing reasons, defendant's motion for partial summary judgment (Docket No. 45)

17 is GRANTED.

18

19         **IT IS SO ORDERED.**

20

21 Dated: November 2, 2010

22                                                              SUSAN ILLSTON
                                                               United States District Judge
23

24

25

26

27

28

5